United States District Court
Southern District of Texas
**ENTERED**
January 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| AET TANKERS (SUEZMAX) PTE. LTD., et al | § | |
| Petitioners, | § | Case No. 2:25-CV-10 |
| | § | (consolidated with 2:25-CV-125) |
| v. | § | |
| | § | |
| VICTOR HUFF, III, et al | § | |
| Claimants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Claimants' motion for summary judgment, challenging whether Petitioners timely filed this limitation of liability action. *See* D.E. 23. On August 14, 2025, United States Magistrate Judge Mitchel Neurock issued his Memorandum and Recommendation (M&R), recommending that the Court deny Claimants' motion. D.E. 26. Both parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. Claimants timely filed their objections on August 27, 2025 (D.E. 28), and Petitioners filed a response (D.E. 31). After review, the Court **OVERRULES** Claimants' objections (D.E. 28) and **ADOPTS** the M&R in its entirety (D.E. 26). Accordingly, the Court **DENIES** Claimants' motion (D.E. 23).

Claimants also oppose the Magistrate Judge's recommendation to unseal certain documents related to the motion for summary judgment, which were filed under seal without leave of Court. *See* D.E. 28, p. 3. Finally, they seek leave to supplement the record (D.E. 28, p. 10). For the reasons set out below, the Court **ORDERS** that the Magistrate

1 / 10

Judge's M&R (D.E. 26) and Petitioners' response (D.E. 24), except for Exhibit C to that response (D.E. 24-3), be unsealed. The Court **INSTRUCTS** Petitioners to refile a redacted copy of that exhibit for publication. Last, the Court **DENIES** Claimants' alternative motion for leave to submit additional evidence.

## STANDARD OF REVIEW

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. FED. R. CIV. P. 72(b). Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.*; *see Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("[P]arties filing objections must specifically identify those findings objected to."); *Edmonds v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review not invoked when petitioner merely re-urges arguments contained in original petition).

Similarly, an objection is not valid if it raises a new argument not presented to the magistrate judge. *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("[T]his court considers arguments forfeited if they are not raised before a magistrate judge, even if they are subsequently raised before the reviewing district court in objections to the magistrate judge's report and recommendation."). After considering proper objections, the district court may accept, reject, or modify, in whole or in part, the proposed findings and recommendations. FED. R. CIV. P. 72(b). As to any portion for which no

objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

### I.  Claimants' Objections

Claimants bring three objections addressed to the issue of the timeliness of this action. The first two objections relate to the Magistrates Judge's alleged improper reliance on evidence presented by Petitioners, the nonmovants. *See* D.E. 28, pp. 4-7. In considering this evidence, the Magistrate Judge stated that the evidence submitted by Claimants, the movants, was insufficient to prove that Petitioners were on notice of a reasonable possibility that the claims could exceed $56.4 million at a point that would render the limitations action untimely. *See* D.E. 26, pp. 20-21. Because the movants bear the burden on summary judgment, the analysis could have ended there, rendering Petitioners' challenged evidence superfluous. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). Instead, the Magistrate Judge thoroughly examined all available evidence, so the objections will be considered below. Claimants' third objection concerns the Magistrate Judge's conclusion that Petitioners timely filed the limitation of liability action. D.E. 28, pp. 7-9. The Court's analysis follows.

### A.  Compromise Evidence

Claimants object to the Magistrate Judge's reliance on two settlement demands submitted as evidence by Petitioners. *See* D.E. 28, p. 4. The Magistrate Judge concluded

that the settlement demands (D.E. 24-2; 24-9) were proper evidence despite Federal Rule of Evidence 408 because the "undue delay" exception applies. *See* D.E. 26, pp. 17-18. Additionally, considering the "spirit and purpose of Rule 408," the Magistrate Judge concluded that the need for the evidence outweighed any chilling effect on settlement discussion. *Id.* at p. 18. Claimants argue that Rule 408 prohibits consideration of the settlement demands and that the "undue delay" exception does not apply in this case.[1] *See* D.E. 28, pp. 4-5.

Rule 408 states that evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim" is not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. An exception to Rule 408 explains that compromise evidence may be used to "negat[e] a contention of undue delay." Fed. R. Evid. 408(b). Claimants' argument that this exception does not apply is without merit.

The entire basis of Claimants' summary judgment motion is the alleged undue delay by Petitioners in filing this limitation of liability claim. Thus, the compromise evidence is used to prove that Petitioners did not unduly delay filing their limitation of liability claim. *See* 23 Charles Alan Wright, et. al., Fed. Prac. & Proc. § 5312 (2d ed.) (explaining that Rule 408 allows the use of compromise evidence to account for the failure to meet statutory

---

[1] Petitioners contend that Claimants waived this argument because they "made no argument as to why the exception is allegedly inapplicable in their reply." D.E. 31, p. 2. However, Claimants' "Motion to Strike," presented to the Magistrate Judge, focused almost entirely on the admissibility of the settlement demands. *See* D.E. 25, pp. 5-9. Accordingly, the Court will consider the merits of Claimants' argument.

deadlines). The Magistrate Judge found that the evidence explained how Petitioners were not on notice of a reasonable possibility that the claims could exceed $56.4 million in value until the latter demand for $70 million was made, at which time they filed the limitation action. This use of the compromise evidence was proper.

Therefore, the Court rejects Claimants' arguments that the compromise evidence is inadmissible to show the timing of notice that the claims would exceed the value of the vessel and its cargo. Claimants' first objection is **OVERRULED**.

### B. Letter of Undertaking

Claimants' second objection concerns the Magistrate Judge's consideration of the Letter of Undertaking (LOU). D.E. 24-1. The LOU indicates that the original plaintiffs in the wrongful death case refrained from arresting the vessel in return for security of up to $10 million in the event of a favorable judgment. They could have requested the full value of the vessel, which undisputably exceeded $56 million. The Magistrate Judge concluded that the agreement for a $10 million security indicated that the value of the original plaintiffs' claims was "less – and perhaps far less – than the $56.4 million value of the Vessel." *See* D.E. 26, p. 25.

Claimants object that there are many strategic considerations that may impact the amount of an LOU, and that "reliance upon the LOU in assessing Petitioners' subjective awareness of the reasonable possibility Claimants' claims would exceed the value of the Vessel is misplaced." D.E. 28, p. 7. Here, it is reasonable to infer that Petitioners could have assumed that the $10 million LOU meant that the value of the claims would likely

not exceed that amount, much less five times that amount. And the Court must make all reasonable inferences in favor of the nonmovants on summary judgment. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). This objection is thus **OVERRULED**.

### C.   Timely Filing

Claimants' third objection is to the "Magistrate Judge's conclusion that Petitioners timely filed their limitation of liability case." D.E. 28, p. 7. Claimants cite a number of cases that clarify and apply the "reasonable possibility" standard for filing a limitation of liability action. *Id.* at pp. 7-9. Claimants' argument paints limitation of liability actions as though there is a hard and fast rule for the filing deadline as a matter of law—that the factual inquiry above is not relevant to the legal issue. *See* D.E. 28, p. 8. That is not the case. As stated by the Magistrate Judge, the mere filing of a lawsuit does not on its own trigger the six-month timeline for limitation of liability actions. *See In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 317 (5th Cir. 2012) ("The Limitation Act's six-month timeline does not automatically begin to run when a vessel owner learns a claimant has filed a lawsuit."). If it did, there would be no need for the "reasonable possibility" standard. *See id.* ([The six-month timeline] is triggered only if and when the written notice reveals a "reasonable possibility" that the claim will exceed the value of the vessel").

This case involves a highly valuable ship. *See* D.E. 31, p. 7. The Magistrate Judge appropriately considered that value when applying the standard. None of the cases cited by Claimants involve a vessel with comparable value. *See* D.E. 28, pp. 8-9; *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d at 314 (vessel valued at $750,000); *In re The Complaint of*

*RLB Contracting, Inc.*, 773 F.3d 596, 599 (5th Cir. 2014) ($750,000); *Matter of Chem Carriers Towing, LLC*, 599 F. Supp. 3d 405, 408 (E.D. La. 2022) ($1.57 million); *Matter of Moncla Marine, LLC*, No. CV 19-164-SDD-EWD, 2019 WL 6878868, at *4 (M.D. La. Dec. 17, 2019) ($655,100).

For the reasons thoroughly explained by the Magistrate Judge, Claimants have not demonstrated as a matter of law that the original claims here created a reasonable possibility, prior to November 15, 2024 (the date six months prior to the filing of the limitations action), that damages could exceed the value of the vessel. *See* D.E. 26, pp. 26-30. This objection is **OVERRULED**.

## II. Unsealing Documents

The Magistrate Judge recommends that this Court order the unsealing of: (a) the M&R (D.E. 26); (b) Petitioners' response to the summary judgment motion (D.E. 24); and (c) the associated exhibits, other than Exhibit C (D.E. 24-3). For that exhibit, containing Claimant Culbreth's medical records, the Magistrate Judge recommends that this Court order Petitioners to submit a public version, redacting the sensitive information it contains. *See* D.E. 26, p. 33. Claimants object to these recommendations but offer no argument other than those already rejected above regarding admissibility of the settlement demands. *See* D.E. 28, p. 6. Petitioners, who initially filed the documents under seal, do not object to the unsealing of these documents. D.E. 31, p. 8.

"[T]he public has a common law right to inspect and copy judicial records." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). This right is not absolute and must

be balanced against "interests favoring nondisclosure," with a presumption in favor of the public's access. *See id.* at 848-49. Ultimately, "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Hudak v. Hartford Accident & Indem. Co.*, No. CV 20-551, 2021 WL 3666160, at *1 (E.D. La. Aug. 18, 2021) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

Having reviewed the relevant documents, the Court agrees that no information contained in Petitioners' response warrants sealing other than Exhibit C (D.E. 24-3) concerning Culbreth's medical records. Likewise, nothing in the M&R should be sealed either. As for the settlement demands, the Fifth Circuit on several occasions has unsealed documents related to settlement negotiations and agreements. *See, e.g.*, *Van Waeyenberghe*, 990 F.2d at 849; *Bradley v. Ackal*, 954 F.3d 216, 229 (5th Cir. 2020). Claimants have not argued that unsealing these records would work any prejudice in this case that will be tried to the bench. *See Barclays Tr. v. Paul*, No. 1:20-CV-947-RP, 2020 WL 13616590, at *2 (W.D. Tex. Sept. 23, 2020). Nor have they cited any other adverse consequence that would result from making these court records open.

Therefore, the Court **ORDERS** that the Magistrate Judge's M&R (D.E. 26) and Petitioners' response (D.E. 24) be unsealed, other than Exhibit C (D.E. 24-3). The Court **INSTRUCTS** Petitioners to refile a redacted and publishable copy of Exhibit C.

### III.    Alternative Motion for Leave

Claimants also request leave to supplement the record if the Court admits the settlement demands as competent summary judgment evidence. *See* D.E. 28, p. 10. More specifically, Claimants explain that they wish to file a complete settlement demand, which they claim contains a claim valuation that is "significantly higher than the amounts contained on the single first page submitted by Petitioners as evidence in their Response." *Id.*

While a court can consider new evidence presented in objections to a magistrate judge's memorandum and recommendation, it does not have to. *See Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015) ("In this circuit, when objecting to a magistrate judge's report and recommendation on summary judgment, litigants may submit additional evidence for the district court's de novo review. . . . [T]he district court is not necessarily required to accept the new evidence. Rather, the district court has discretion to determine whether, in light of all pertinent circumstances, the new evidence should be accepted." (citing *Freeman v. Bexar Cnty.,* 142 F.3d 848, 852–53 (5th Cir.1998))).

Claimants were on notice that Petitioners had submitted the settlement demands as evidence. *See* D.E. 24, pp. 4, 6-8; 24-2; 24-9. They should have made this request to supplement summary judgment evidence to the Magistrate Judge, prior to the issuance of the M&R. *See* D.E. 25. Therefore, the Court **DENIES** Claimants' alternative motion for leave.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Claimants' objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Claimants' objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 26). Accordingly, the Court **DENIES** Claimants' motion for summary judgment (D.E. 23).

Also, the Court **ORDERS** that the Magistrate Judge's M&R (D.E. 26) and Petitioners' response (D.E. 24) be unsealed, except for Exhibit C to that response (D.E. 24-3). The Court **INSTRUCTS** Petitioners to refile a publishable copy of that exhibit that redacts sensitive information, such as medical records and addresses, at which time the Clerk of Court is instructed to include that redacted exhibit with the published copy of the response. Finally, the Court **DENIES** Claimants' alternative motion for leave (D.E. 28, p. 10).

ORDERED on January 6, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE