Case 2:25-cv-00010   Document 38   Filed 01/20/26 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In the matter of OK SPORTFISHING, LLC, *et al.*, as owners of the Motor Yacht TODO BIEN, praying for exoneration from or limitation of liability | § § § § § § | Case No. 2:25-cv-00010 (consolidated with 2:25-cv-00125) |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case has been referred to U.S. Magistrate Judge Mitchel Neurock for pre-trial management, but with Judge Neurock's consent and in accordance with Special Order C-2023-1,[1] U.S. Magistrate Judge Jason B. Libby enters the following.

Two motions are currently pending before the Court: the Todo Bien Petitioners' opposed motion for the entry of default, (Doc. No. 19); and the Todo Bien Petitioners' unopposed motion to defer ruling on its motion for the entry of default, (Doc. No. 27). The district court should **GRANT** the motion for default as to all parties who have not yet filed a claim or an answer and **DENY** as moot the motion to defer ruling on its motion for the entry of default.

---

[1] Special Order C-2023-1 is a standing order concerning civil matters referred to magistrate judges in this Division. The order allows magistrate judges to assist each other on any referred matter by agreement, including entering orders, notices, recommendations, and presiding over judicial proceedings.

### A. Background.

This is a limitation of liability case stemming from a July 2024 collision between an oil tanker, the "M/V Eagle San Antonio," and a recreational fishing boat, the "Todo Bien." Two people aboard the Todo Bien were killed in the collision, and two others were injured. A wrongful death and personal injury lawsuit has been filed in this district against the M/V Eagle San Antonio, *in rem*, and against its owner and manager, *in personam*. *See Ocker, et al. v. M/V Eagle San Antonio, et al.*, No. 2:24-cv-00165 (S.D. Tex.) (the "Wrongful Death Case").

Two limitation actions were filed following the initiation of the Wrongful Death Case: (1) the Todo Bien petition filed in January 2025 (this group is collectively referred to as the "Todo Bien Petitioners"); (2) the Eagle San Antonio petition filed in May 2025 (this group is collectively referred to as the "Eagle San Antonio Petitioners"). Those two limitation actions were consolidated under this case number. (Doc. No. 20, pp. 1-2.)

### B. *Notice proceedings.*

In January 2025, before these cases were consolidated, the district court approved the Todo Bien Petitioners' Notice to Claimants, (Doc. No. 3), and the district court ordered them to promptly deliver a copy of that Notice "to counsel for any claimant who is represented by counsel and to any unrepresented claimant who shall make a claim and shall publish a copy of the Notice in the Corpus Christi Caller-Times once a week for four consecutive weeks beginning 28 days prior to the time for submission of claims expires." (Doc. No. 6, p. 1.) The deadline for submission of claims, the district court

directed, "shall be no later than 120 days after the date of the Notice." *Id.* The Todo Bein Petitioners were ordered to certify to the Court that the publication had been made by May 19, 2025. (Doc. No. 10.) They complied with that deadline by submitting an affidavit on May 16, 2025, showing proof of publication in the Corpus Christi Caller-Times for four consecutive weeks. (Doc. No. 12).

### C. *The motion for default.*

The Todo Bien Petitioners then moved for an entry of default, "seek[ing] an order defaulting any claimants who have not yet filed claims and/or answers herein." (Doc. No. 19, p. 2.)[2] They noted that claims and answers have been filed by two groups: (1) the M/V Eagle San Antonio, AET Tankers (Suezmax) Pte. Ltd., MISC Shipmanagement (S) Pte. Ltd.; and (2) Lisa and Jeff Hunt. *Id.* (citing Doc. Nos. 11, 13). The Todo Bien Petitioners argue that default is proper now because they have complied with the Court's order and "all of the requirements of Supplemental Rule F." (Doc. No. 19, pp. 2-3) (quoting *Matter of Nolin*, 2019 WL 4696319, at *3 (E.D.N.Y., September 26, 2019)).

The Eagle San Antonio Petitioners responded, arguing that default should not be granted because the Todo Bien Petitioners' requested relief is "overly broad and, if granted, would materially prejudice the [Eagle San Antonio Petitioners'] ability to mount a full and fair defense." (Doc. No. 22, p. 2.) Further, the Eagle San Antonio Petitioners argue that a "blanket default could bar or limit third-party claims against the Todo Bien

---

[2] After the Todo Bien Petitioners moved for an entry of default, they also moved for summary judgment. (Doc. No. 23.) The Todo Bien Petitioners moved to defer ruling on the motion for default until after the Court decided the motion for summary judgment. (Doc. No. 27.) The motion for summary judgment has been denied, (Doc. No. 34), so now this motion is ripe.

3 / 6

Owners by parties who have appeared, are actively litigating, and have been served with Rule 14(c) tenders." *Id.*  But while the Eagle San Antonio Petitioners are opposed to the Court entering default against *all* claimants, they do "not oppose default judgment as to unknown or non-appearing claimants who have never participated in these proceedings." *Id.*

### D.  Discussion.

Rule 55 of the Federal Rules of Civil Procedure permits the Court to enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." *In re Jana E. II, Inc.*, No. 2:13-cv-00308, 2014 WL 991891, at *2 (S.D. Tex. Mar. 13, 2014) (Ramos, J.) (quoting Fed. R. Civ. P. 55).  "Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims sets forth the procedure for a limitation action." *Matter of River Constr. Inc.*, No. 4:22-CV-2413, 2025 WL 2735647, at *3 (S.D. Tex. Aug. 25, 2025) (Bennet, M.J.), *adopted*, *In re River Constr. Inc.*, No. CV H:22-2413, 2025 WL 2734947 (S.D. Tex. Sept. 24, 2025) (citing Fed. R. Civ. P. Supp. R. F).  Rule F(5) "mandates:

> (5) Claims and Answer. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer."

*In re Jana E. II, Inc.*, 2014 WL 991891, at *2. Accordingly, "default is appropriate where a party does not appear or does not file a claim within the designated monition period." *Matter of River Constr. Inc*, 2025 WL 2735647, at *4.

Petitioners fulfilled their obligation to publish notice of the limitation proceeding once a week for four consecutive weeks in the Corpus Christi Caller-Times, as required by Supplemental Rule F(4) and the Court's order. *See* Doc. Nos. 6, 12. While the Eagle San Antonio Petitioners argue that default may impede their litigation efforts, they have already appeared and filed claims. And because the Todo Bien Petitioners are only "seek[ing] an order defaulting any claimants who have not yet filed claims and/or answers herein," default has not been requested against the Eagle San Antonio Petitioners, nor should it be granted against them. Default is thus appropriate in this case where the Todo Bien Petitioners have complied with Rule F and the Court's orders. *See In re Jana E. II, Inc.*, 2014 WL 991891, at *1, *2 (granting motion for default where petitioner complied with Rule F and the district court's orders regarding publication).

### E. *Conclusion and recommendation.*

The district court should **GRANT** the Todo Bien Petitioners' motion for the entry of default as to all claimants who have not yet filed a claim or answered, (Doc. No. 19), and **DENY** as moot their motion to defer ruling on the entry of default, (Doc. No. 27).

### F. *Notice.*

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the

Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

ORDERED on January 20, 2026.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Jason B. Libby
　　　　　　　　　　　　　　　　　　United States Magistrate Judge